**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| SHAWN WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| DEISTER MACHINE COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Shawn Watkins, alleges as follows against Defendant, Deister Machine Company, Inc.:

## PARTIES

1. Plaintiff is Shawn Watkins ("Plaintiff"). Plaintiff is a resident of Fort Wayne, Indiana, and former employee of Defendant Deister Machine Company, Inc. Plaintiff is a black, African-American man and an individual with disabilities within the meaning of Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA").

2. Defendant is Deister Machine Company, Inc. ("Defendant"). Defendant was an employer within the meaning of the ADA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. ("Title VII") at all times material to this Complaint.

## FACTS

3. Plaintiff was employed with Defendant from on or about September 2014 through on or about May 2015.

4. Plaintiff was a CNC machine operator for the majority of his employment with Defendant.

5. On or about January 2015, Plaintiff began working under a new white, Caucasian

supervisor.

6. On at least three occasions, the new white supervisor threatened to terminate Plaintiff without justifiable cause or reason.

7. Plaintiff reported the threats to Defendant's human resources department, but no corrective action was taken.

8. On or about February 2015, Plaintiff's white supervisor started to cross-train another CNC operator, who was white, on other machines.

9. Plaintiff asked for the opportunity to be cross-trained on other machines like the white CNC operator, but was denied.

10. On or about that time, Defendant allowed similarly situated white employees to work overtime hours it did not allow Plaintiff to work.

11. Plaintiff requested to be allowed to work overtime hours that similarly situated white employees were allowed to work, but was denied.

12. In May 2015, Defendant demoted Plaintiff from the position of CNC machine operator to the position of material handler. This position largely involved janitorial and forklift duties.

13. No other similarly situated white employees were so demoted.

14. The racial discrimination Plaintiff suffered caused him migraines and his blood pressure to rise, which constituted a condition affecting major life activities.

15. Plaintiff had to miss several days of work due to this condition, including at least three missed days in May 2015 and hospital emergency room visit. Plaintiff regularly notified Defendant of these absences and the medical basis of his need for work absences.

16. On or about May 7, 2015, Plaintiff delivered further medical documentation of the condition he suffered and the medical need for his absences from work.

17. On or about that time, Defendant terminated Plaintiff for not appearing at work while he was undergoing medical care.

18. On June 12, 2015, Plaintiff filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").  This document is attached and incorporated into this Complaint as Exhibit A.

19. On November 24, 2015, Plaintiff received his Notice of Right to Sue from the EEOC. This document is attached and incorporated into this Complaint as Exhibit B.

## CLAIMS FOR RELIEF

20. Based on the facts above, Plaintiff alleges that he was demoted and denied employment opportunities on the basis of his race and/or color in violation of Title VII and 42 U.S.C. § 1981 ("1981").

21. Based on the facts above, Plaintiff alleges that the proffered reason for termination was false and pretextual, and that he was discriminated and/or retaliated against on the basis of her race, color, disability, perceived disability, and/or record of impairment in violation of his rights under Title VII, 1981, and/or the ADA.

22. As a result of this discrimination, Plaintiff suffered loss of wages, benefits, and employment, inconvenience, emotional distress, mental anguish, and other damages and injuries.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests judgment against Defendant for compensatory damages, reasonable attorney's fees and costs, and for all other just and proper relief.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues alleged pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

    Respectfully,

    **CHRISTOPHER C. MYERS & ASSOCIATES**

    /s/ David W. Frank
    Christopher C. Myers, #10043-02
    David W. Frank, #31615-02
    809 South Calhoun Street, Suite 400
    Fort Wayne, IN 46802-2307
    Telephone: (260) 424-0600
    Facsimile: (260) 424-0712
    E-mail: dfrank@myers-law.com
    Counsel for Plaintiff

DF
S:\Watkins, Shawn - DF\Pleadings\Complaint.docx