UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **SHAWN WATKINS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) CAUSE NO. 1:16-cv-00058-JVB-SLC |
| | ) |
| **DEISTER MACHINE COMPANY, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

### REPORT AND RECOMMENDATION

Plaintiff Shawn Watkins, who is proceeding pro se, filed this case against his former employer, Defendant Deister Machine Company, Inc., advancing discrimination and retaliation claims under Title VII and the Americans with Disabilities Act. (DE 1). Due to Watkins's disregard for this Court's Orders and his apparent disinterest in pursuing this case, the undersigned Magistrate Judge recommends that this case be DISMISSED for failure to prosecute under Federal Rule of Civil Procedure 41(b). This Report and Recommendation is based on the following facts and principles of law.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Watkins, who was represented by counsel at the time, filed this lawsuit against Deister on February 11, 2016. (DE 1). On May 6, 2016, the Court conducted a preliminary pretrial conference, setting a discovery deadline of November 15, 2016. (DE 14). On June 14, 2016, Watkins filed an amended complaint with leave of Court. (DE 15 to DE 17).

On September 27, 2016, Watkins's counsel filed a motion to withdraw, citing an irretrievable breakdown in the attorney-client relationship. (DE 19). That same day, the Court set the motion for a hearing on October 13, 2016, at 11:30 a.m., directing Watkins and his

counsel to appear in person and Deister's counsel to appear telephonically. (DE 20). A copy of the text order setting the hearing and directing Watkins to appear in person was sent to Watkins at his last known address. (DE 21; *see* DE 19).

On October 13, 2016, Deister's counsel appeared telephonically and Watkins's counsel appeared in person, but Watkins failed to appear. (DE 21). The Court then set the matter over for a show-cause hearing and a hearing on the motion to withdraw on November 7, 2016. (DE 21). A copy of the text order setting the November 7th hearing and directing Watkins to appear in person was sent to Watkins at his last known address. (DE 21).

On November 7, 2016, Deister's counsel appeared telephonically and Watkins's counsel appeared in person, but Watkins again failed to appear. (DE 22). The Court granted the motion to withdraw and deemed Watkins to be proceeding pro se. (DE 22). The Court set the matter over for a show-cause hearing on November 28, 2016, at 11:15 a.m. (DE 22). A copy of the text order setting the November 28th hearing and directing Watkins to appear in person was sent to Watkins at his last known address. (DE 22). Additionally, the Court issued a Notice and Order that directed Watkins to appear in person at the November 28th hearing and show cause why he should not be sanctioned for his failure to appear at the October 13th and November 7th hearings, up to and including dismissal of his case. (DE 23). Watkins was also ordered to file a written statement on or before November 21, 2016, stating why he should not be sanctioned for failing to appear at the October 13th and November 7th hearings. (DE 23). Watkins was warned in the Notice and Order that his failure to appear at the November 28th hearing, his failure to file the written statement, or his failure to show cause could result in dismissal of his case. (DE 23).

Watkins failed to file the written statement by November 21, 2016, and failed to appear at

the hearing on November 28, 2016. (DE 24).

## II. DISCUSSION

A district court has authority under Rule 41(b) to dismiss a case *sua sponte* for lack of prosecution. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (citation and internal quotation marks omitted).

Here, despite this Court's Orders requiring his presence, Watkins failed to appear at three hearings—the October 13th hearing on the motion to withdraw, the November 7th show-cause hearing and hearing on the motion to withdraw, and the November 28th show-cause hearing. Watkins has never offered any explanation for his absences, suggesting at least fault, if not some willfulness, and resulting in a clear record of delay. A court may infer a lack of prosecutorial intent from, among other factors, the failure to appear at hearings. *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199-1200 (7th Cir. 1993).

The Court explicitly warned Watkins in its Notice and Order dated November 7, 2016, that his case may be dismissed if he failed to file the written statement by November 21, 2016, or failed to appear at the show-cause hearing on November 28, 2016. As such, the Court not only warned Watkins of the possibility of dismissal, but also gave him the chance to show cause—an opportunity he apparently declined to take—all of which suggests that dismissal is appropriate in this case. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." (citations omitted));

*Zimmerman v. Earthworks, Inc.*, No. 08-cv-0367, 2008 WL 5481124, at *1 (S.D. Ill. Dec. 18, 2008) (dismissing part of a case when plaintiff "had ample and explicit warning, including a rule to show cause, that failure to prosecute would result in dismissal of this case").

Accordingly, in the interests of judicial economy, and given Watkins's repeated failure to comply with the Court's Orders and his apparent disinterest in pursuing his claims, dismissal of this case for failure to prosecute is appropriate.

### III.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that this case be DISMISSED.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for Defendant and to Watkins via certified mail at his last known address:  2714 Holton Avenue, Fort Wayne, IN 46806.  NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations.  Fed. R. Civ. P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Entered this 9th day of December 2016.

/s/ Susan Collins  
Susan Collins,  
United States Magistrate Judge

4